UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1418 CDP |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Jerome Barnes is currently incarcerated at the South Central
Correctional Center in Licking, Missouri.  Barnes was convicted by a jury of first-
degree robbery, armed criminal action, second-degree trafficking, possession of a
controlled substance, and resisting arrest.  He received a sentence for each offense,
up to his highest sentence of twenty years for first-degree robbery, with all five
sentences to be served concurrently.

This matter is before the court on Barnes's petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.  Barnes raises five grounds for relief.  All of
his claims are either procedurally barred or are without merit, and I will therefore
deny his petition for the writ.

## I.    Factual Background

On December 28, 2003, at around 12:15 a.m., Gioia Kaid was driving home
on Interstate 70 in St. Louis, Missouri.  A car traveling behind her struck the rear

of her vehicle, forcing her to swerve and lose control of her car.  When she

regained control, she pulled over to the side of the highway, and the vehicle that

struck her car pulled off of the road and parked in front of her.  The driver of that

vehicle exited his car and asked Kaid if she was okay.  When Kaid reached into

her glove compartment to get her insurance information, the driver opened her

passenger side door and tried to grab her purse.  Kaid struggled for her purse,

when the passenger of the other vehicle – later identified as the petitioner, Jerome

Barnes[1] – exited and approached her car.  Barnes pointed a gun at Kaid, and she

stopped fighting for her purse.  The driver stole her purse and the jewelry she was

wearing, and then patted her down.  Barnes told Kaid to exit her car, and then he

got in it and drove away.  The driver got back into the vehicle from which he

exited and also drove away.

On December 29, 2003, Officer Jeremy Blanton of the St. Louis

Metropolitan Police Department, who testified at trial, and his partner were

dispatched to the intersection of Warne and Conde in the City of St. Louis, after

receiving information that Kaid's car was empty and parked in that location.  The

officers conducted surveillance of the vehicle and observed Barnes and another

individual named David Love approach the car, unlock and turn it on with a key,

---

[1]In a photo lineup administered on December 30, 2003 and at trial, Kaid identified that
passenger as the defendant, Jerome Barnes.

- 2 -

and drive away.  Officer Blanton followed them and eventually activated his lights and siren.  Barnes continued to drive away, increasing his speed to over sixty miles per hour, ignoring traffic signals and signs, and swerving across lanes. Barnes struck another vehicle heading the opposite direction and was eventually forced to stop because the damage to the vehicle was too great to continue driving. When Officer Blanton approached the vehicle, he arrested Barnes and advised him of his *Miranda* rights.  He then searched Barnes and found him to be in personal possession of a pill bottle – originally for a drug called Dormin – containing substances later determined to be heroin and cocaine.

Barnes was charged by indictment with first degree robbery, armed criminal action, second degree trafficking, possession of a controlled substance, and resisting arrest.  At trial, the state offered testimony from Kaid and several police officers.  The defendant offered testimony from three of his family members, stating that he was present at his mother's house throughout the night of December 28, 2003.  Defense counsel attempted to introduce evidence that David Love was actually the gunman who robbed Kaid, but the trial court sustained the state's motions in limine to prohibit this evidence.  Defense counsel made an offer of proof as to some of the evidence implicating David Love in the robbery.

## II.   **Procedural Background**

After trial, a jury found Barnes guilty on all five charges.  The trial court sentenced Barnes to twenty years imprisonment for the first degree robbery count, five years imprisonment for armed criminal action, five years imprisonment for second degree trafficking, five years imprisonment for possession of a controlled substance, and four years imprisonment for resisting arrest.  All five sentences were to run concurrently, for a total of twenty years imprisonment.

Barnes appealed his conviction to the Missouri Court of Appeals, arguing that the trial court erred in excluding evidence of David Love's possible involvement in the robbery of Kaid.  The Missouri Court of Appeals affirmed the conviction in a per curiam unpublished opinion on December 18, 2007.  *State v. Barnes*, 241 S.W.3d 418 (Mo. Ct. App. 2007) (Resp. Exh. F).

On March 26, 2008, Barnes filed a *pro se* motion in the trial court for post-conviction relief under Missouri Rule 29.15.  Counsel was appointed to represent Barnes, and an amended motion for post-conviction relief was filed on April 21, 2009.  The amended motion raised numerous claims of ineffective assistance of counsel: (1) trial counsel failed to cross examine Officer Blanton about the photo lineup and whether David Love was included; (2) trial counsel failed to present two additional alibi witnesses, Tiffany Johnson and Lavita Barnes; (3) trial counsel failed to make an adequate offer of proof regarding David Love's

- 4 -

involvement; (4) trial counsel failed to call David Love as a witness; (5) trial counsel failed to make any *Batson* challenges during jury selection, and the jury foreman may have had a felony conviction; (6) trial counsel failed to object to the prosecutor's statement in closing argument referring to defendant as a "menace"; (7) trial counsel failed to object to the prosecutor's statement that the evidence is "uncontroverted" to the extent that it referenced defendant's failure to testify; (8) all charges of ineffective assistance raised in defendant's pro se motion; (9) trial counsel failed to fingerprint the Dormin pill bottle; (10) appellate counsel failed to raise the statements that defendant was a "menace" and that the evidence was "uncontroverted" on appeal; and (11) appellate counsel failed to file a motion for rehearing or transfer to the Missouri Supreme Court.  The motion also raised claims that defendant was denied his right to due process by the exclusion of evidence implicating David Love, and by the suggestive photo lineup containing an older picture of defendant.  The motion court held an evidentiary hearing and denied all of Barnes's claims.

Barnes appealed the denial of his motion to the Missouri Court of Appeals, asserting five arguments: (1) the motion court erred in denying his ineffective assistance of counsel claim for failing to call the additional two alibi witnesses; (2) the motion court erred in denying his ineffective assistance of counsel claim for failing to offer all evidence that David Love committed the robbery; (3) the motion

court erred in denying his ineffective assistance of counsel claim for failing to object to the reference to Barnes as a "menace"; (4) the motion court erred in denying admissibility of affidavits regarding Tiffany Johnson and Dawoyn Littleton in the evidentiary hearing; and (5) the motion court erred in denying his ineffective assistance of counsel claim for failing to have the bottle containing drugs fingerprinted.  On March 8, 2011, the Missouri Court of Appeals affirmed the denial of Barnes's post-conviction motion.  *Barnes v. State*, 334 S.W.3d 717 (Mo. Ct. App. 2011) (Resp. Exh. L).

## III.   **Grounds Raised**

Barnes now seeks federal habeas corpus relief, asserting the following grounds:

(1)    His trial counsel was ineffective because he did not call Tiffany Johnson and Lavita Barnes as alibi witnesses;

(2)    His trial counsel was ineffective because he failed to offer all evidence that David Love committed the offense;

(3)    His trial counsel was ineffective because he failed to object to the state's reference to him as a "menace," and his appellate counsel was ineffective because he did not raise this claim on appeal;

(4)    The motion court erred in denying the admissibility of affidavits regarding Tiffany Johnson and Dawoyn Littleton in the evidentiary hearing;

(5)    His trial counsel was ineffective because he failed to have the Dormin pill bottle fingerprinted.

## IV.   **Discussion**

Respondent argues that Count 1, to the extent that it relates to Tiffany

Johnson, is procedurally barred because Barnes failed to properly exhaust his state

remedies.  Regarding the remaining grounds, respondent argues that they fail on

the merits.[2]

Exhaustion of Remedies and Procedural Bar: Ground 1 as to Tiffany Johnson

To preserve issues for federal habeas review, a state prisoner must fairly

present his or her claims to state courts during direct appeal or in post-conviction

proceedings.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).  Failure to raise

a claim in a post-conviction appeal results in abandonment of that claim.  *Sweet*,

125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)).

A state prisoner who fails "'to follow applicable state procedural rules [for]

raising the claims' . . . is procedurally barred from raising them in a federal habeas

action, regardless of whether he has exhausted his state-court remedies."  *Sweet*,

125 F.3d at 1151 (citation omitted) (citing *Coleman v. Thompson*, 501 U.S. 722,

731-32 (1991)).  "[A] prisoner must 'fairly present' not only the facts, but also the

substance of his federal habeas corpus claim."  *Abdullah v. Groose*, 75 F.3d 408,

411 (8th Cir. 1996) (en banc) (citation omitted) (citing *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam)).  "Fairly present" means that state prisoners are

_____

[2]Respondent failed to respond to Ground 5 of Barnes's § 2254 motion.

required to "'refer to a specific federal constitutional right, a particular

constitutional provision, a federal constitutional case, or a state case raising a

pertinent federal constitutional issue' . . . ." *Id*. at 411-12 (quoting *Ashker v.*

*Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)).  A state law claim raised in state

court that "is merely similar to the federal habeas claim is insufficient to satisfy the

fairly presented requirement." *Id*. at 412 (citing *Duncan v. Henry*, 513 U.S. 364,

366 (1995) (per curiam)).

  The Supreme Court has held that a state prisoner can overcome procedural

default if he or she can "demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman*,

501 U.S. at 750.  The Court explained that "'the existence of cause for a

procedural default must ordinarily turn on whether the prisoner can show that

some objective factor external to the defense impeded counsel's efforts to comply

with the State's procedural rule.'" *Id*. at 753 (quoting *Murray v. Carrier*, 477 U.S.

478, 488 (1986)).  Furthermore, to establish actual prejudice, a petitioner must

demonstrate that the errors "worked to his *actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." *United States v.*

*Frady*, 456 U.S. 152, 170 (1982).  In order to assert the fundamental miscarriage

of justice exception, "a petitioner must make a showing of actual innocence."

*Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

In Ground 1, as it relates to Tiffany Johnson, Barnes claims that the motion court erred in denying his claim of ineffective assistance of counsel because he was prejudiced by trial counsel's failure to call Tiffany Johnson as an alibi witness. Barnes exhausted this claim by raising it in his Rule 29.15 motion and post-conviction appeal. However, in his appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals held that Barnes abandoned this claim as it relates to Tiffany Johnson by failing to present any evidence supporting her value as a witness.[3]

A state prisoner must raise the claims in state court in accordance with the state procedural rules or he will be procedurally barred from raising them in a federal habeas action. *Sweet*, 125 F.3d at 1151; *see also State v. Nunley*, 980 S.W.2d 290, 293 (Mo. 1998) (en banc) ("Failure to present evidence at a hearing in support of factual claims in a post-conviction motion constitutes abandonment of that claim."). The Missouri Court of Appeals refused to consider this claim on the ground that it had been abandoned. Therefore, this claim is procedurally barred from consideration by this court unless Barnes can demonstrate cause and

_____

[3]Barnes did attempt to present an affidavit, which was actually written by an attorney who spoke with Tiffany Johnson, setting forth the information to which she would have testified at trial. The motion court denied the admissibility of this affidavit, however.

prejudice, or actual innocence.  Barnes does not allege any cause for his default, but he does appear to be claiming that this evidence demonstrates his actual innocence.

The Eighth Circuit has explained the standard for raising the actual innocence exception as follows:

> [A] petitioner who raises a gateway claim of actual innocence must satisfy a two-part test.  First, the petitioner's allegations of constitutional error must be supported with new reliable evidence that was not presented at trial.  Second, the petitioner must establish that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  The actual innocence exception requires review of procedurally barred, abusive, or successive claims only in the narrowest type of case – when a fundamental miscarriage of justice would otherwise result.

*Weeks*, 119 F.3d at 1351 (citation omitted).  The alibi evidence which could allegedly be provided by Tiffany Johnson is not actually "new" evidence, which is evidence "that was not available at trial."  *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004).  Barnes and his trial counsel knew about this witness as early as he filed his notification of an alibi defense, well in advance of trial.  Furthermore, Barnes has not demonstrated that no reasonable juror would have convicted him in light of the new evidence.  Tiffany Johnson's testimony that Barnes was at his mother's house at the time of the robbery would have been essentially identical to the alibi testimony provided by Barnes's other family members at trial, which the jury decided not to believe.  Therefore, Barnes does not meet the high burden

necessary to establish the actual innocence exception, and I will not consider this procedurally defaulted claim.

Remaining Grounds for Relief

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

A.    *Ground 1: Alibi Testimony of Lavita Barnes*

In Ground 1, Barnes alleges that he received ineffective assistance of counsel because his trial counsel failed to call Lavita Barnes as an additional alibi witness.  The Supreme Court set out the standard for ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984).  According to *Strickland*, a petitioner alleging ineffective assistance of counsel must make two showings.  *Id.* at 687.  First, the petitioner must "show that counsel's performance was deficient" in that it "fell below an objective standard of reasonableness."  *Id.* at 687-88.  In this regard, petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The Court in *Strickland* cautioned that "judicial scrutiny of counsel's performance must be highly deferential."  *Id.*

In addition to showing counsel's assistance was deficient, a petitioner must also demonstrate that he or she was actually prejudiced.  Id. at 687.  According to *Strickland*, "[t]his requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ."  *Id.*  In order to satisfy the "actual prejudice" standard, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Barnes raised the same claim in his post-conviction motion and on appeal after its denial.  Applying the *Strickland* standard in this case, the Missouri Court of Appeals concluded that Barnes's trial counsel was not ineffective for failing to call Lavita Barnes to testify.  Specifically, the appellate court stated:

> There is sufficient evidence in the record to support the conclusion that the decision not to call Ms. Barnes as a witness was a strategic one made after a thorough investigation.  In preparation for this case, trial counsel interviewed his client several times and employed a private investigator who interviewed potential witnesses.  Strategically, the testimony Ms. Barnes told the motion court she would have given at trial would have contradicted the testimony of two of the alibi witnesses who were called – the two witnesses who were called said Ms. Barnes left the home early in the evening while she says she was there until midnight.  Rather than having cemented Barnes' alibi, this testimony could have raised further doubt in the jurors' minds as to the veracity of his defense.  Given this evidence, Barnes failed to satisfy the burden that this testimony would have established a viable defense.
> . . . .
>     Finally, Barnes' first point fails the second prong of the *Strickland* test.  Given the overwhelming evidence of his guilt and the cumulative nature of her testimony, Movant failed to prove the

- 13 -

reasonable probability of a different outcome if Lavita Barnes had been called to testify at his criminal trial.

*Barnes*, 334 S.W.3d at 721-22.

The decision of the Missouri appellate court with regard to this claim is not contrary to or an unreasonable application of federal law. "The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy . . . ." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (citations omitted). Counsel's strategy at trial was not contrary to what other reasonable attorneys may have decided to pursue. Though there were alternative strategies available to Barnes and his counsel at the time of trial, his counsel's choice of strategy must be given great deference, even if Barnes now believes that a different strategy may have been more beneficial.

Barnes has not produced any evidence to show that the outcome of his trial would have been any different had Lavita Barnes been called to testify, given the inconsistences between what her testimony would have been and the testimony of other family members who did testify at trial, and given the fact that any benefit to Barnes's alibi defense that may have been gained through this testimony would have been cumulative to evidence already elicited from those other family members. Because Barnes has failed to demonstrate that trial counsel's performance was deficient and that he was prejudiced as a result of such performance, Ground 1 is without merit.

- 14 -

B.     *Ground 2: Offer of Proof Regarding David Love's Involvement*

In Ground 2, Barnes claims that he received ineffective assistance of

counsel because his trial counsel failed to make an adequate offer of proof

regarding David Love's potential involvement in the robbery.  Barnes raised this

same claim in his Rule 29.15 motion and appeal from its denial, and he raised a

similar claim on direct appeal.  Using the *Strickland* standard described above, the

Missouri Court of Appeals held that Barnes's trial counsel was not ineffective:

> To establish an ineffective assistance of counsel claim based on an
> inadequate offer of proof, the Movant must prove that the evidence
> offered would have been admissible if an adequate offer of proof had
> been made.  *Childs* [*v. State*], 314 S.W.3d [862], 867 [(Mo. Ct. App.
> 2010)]; *State v. Danback*, 886 S.W.2d 204, 209 (Mo. Ct. App. 1994).
> Failure to do so is fatal.  *Childs*, 314 S.W.3d at 867; *Danback*, 886
> S.W.2d at 209.  On direct appeal, this Court, in its memo supporting a
> Rule 84.16(b) Order, explicitly found that excluded evidence
> pertaining to Mr. Love would have been inadmissible even with an
> adequate offer of proof.  Movant may not relitigate this finding by
> reframing it as an ineffective assistance of counsel claim.  *Williams v.
> State*, 205 S.W.3d 300, 307 (Mo. Ct. App. 2006).

*Barnes*, 334 S.W.3d at 722.

In his § 2254 petition, Barnes points to specific evidence regarding David

Love that he contends should have been included in an offer of proof: the fact that

Love was suspected of committing other robberies that were carried out in similar

ways, the fact that Love was the passenger in the stolen car when Barnes was

apprehended, and the fact that Love's physical appearance matched the description

given by Kaid to police of the robber who pointed the gun at her.[4]  Barnes also

argued that Love picked him up in the vehicle on the day that Barnes was

apprehended by police, although there is not any evidence in the record to support

that contention.

The Missouri Court of Appeals did not unreasonably apply *Strickland* in

determining that Barnes's trial counsel was not ineffective for failing to present

inadmissible evidence to the court, even in the context of an offer of proof.

*Henderson v. Norris*, 118 F.3d 1283, 1288 (8th Cir. 1997) ("Counsel's failure to

proffer evidence that was both inadmissible and cumulative does not constitute

ineffective assistance.").  Further, to the extent that this claim actually challenges

the state court's determination that this evidence was, in fact, inadmissible, it is

not cognizable in this federal habeas petition.  "A state court's evidentiary rulings

can form the basis for federal habeas relief under the due process clause only when

they were so conspicuously prejudicial or of such magnitude as to fatally infect the

trial and deprive the defendant of due process."  *Parker v. Bowersox*, 94 F.3d 458,

460 (8th Cir. 1996).

On direct appeal, the Missouri Court of Appeals explained that "[e]vidence

that another person might have committed the crime is inadmissible without proof

---

[4]Barnes also includes related claims that Love was included in one of the photographic
line ups shown to Kaid, and that Blanton should have been able to identify him for the jury.

that the other person did something that directly connected him or her with the crime." (Resp. Exh. F, at 5) (emphasis removed) (citing *State v. Wilson*, 105 S.W.3d 576, 583 (Mo. Ct. App. 2003)). The court then analyzed each fact set forth by Barnes as evidence of Love's involvement in the offense, concluding that none of the evidence was strong enough to support admission on that basis. I agree with the decision of the Missouri Court of Appeals that Barnes was not deprived of a fair trial, given the tenuous connection between the evidence offered by Barnes and the potential involvement of Love in the robbery, as well as the overwhelming evidence against Barnes that was presented to the jury. Furthermore, Barnes did not call Love to testify in the evidentiary hearing or present any additional evidence to implicate him in the robbery. Thus, even if his counsel had made an adequate offer of proof, Barnes was not prejudiced because the evidence would not have been admissible even if properly preserved. Therefore, I conclude that Ground 2 is without merit.

C.    *Ground 3: Failure to Object to State's Reference to Barnes as a "Menace"*

In Ground 3, Barnes claims that he received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's reference to Barnes as a "menace" during closing argument and his comment that it involved "women" rather than one "woman," and his appellate counsel failed to raise this claim on direct appeal. At trial, the prosecutor stated in closing argument:

In late December 2003 that defendant was a menace, first, terrorizing young women, luring them to the side of the highway, holding them up at gunpoint, pointing guns at other human beings, and then again within less than 48 hours, driving in a reckless manner, most likely to cause substantial injury to people, racing away from police officers on the wrong side of a major thoroughfare in the city of St. Louis.

(Resp. Exh. A, at 429).

Again using the *Strickland* standard described above, the Missouri Court of

Appeals also denied relief on this claim of ineffective assistance of counsel:

Trial counsel would not have been successful had he objected to the prosecutor's comments: "The state may characterize the defendant or his conduct when the evidence supports the characterization." [*Jackson v. State*, 205 S.W.3d 282, 290 (Mo. Ct. App. 2006)]. A reasonable person could find that Barnes' actions in pointing a gun at a woman, hijacking her car and leading police on a high speed chase were the acts of a menace. The record supports the prosecution's description. As the objection would have been overruled, trial counsel was not ineffective for failing to make it. Further, Barnes failed to overcome the presumption that the decision not to object was reasonable trial strategy. He did not even inquire of trial counsel why he did not object at trial.

Barnes also claims that appellate counsel was ineffective for failing to raise this same issue on appeal. Appellate counsel is not ineffective for failing to raise every non-frivolous claim on appeal but may use his professional judgment to focus on the most important issues. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). At the evidentiary hearing, appellate counsel testified that he raised *every* issue which he believed had merit in Barnes' appeal. As such, appellate counsel more than fulfilled the requires set-forth (sic) in *Jones*.

*Barnes*, 334 S.W.3d at 723.

The conclusion of the Missouri Court of Appeals that Barnes did not receive ineffective assistance of counsel based on the failure to object to or appeal based on this comment is not contrary to or an unreasonable application of federal law. In order to violate a defendant's due process rights, improper comments by a prosecutor "must make the entire trial fundamentally unfair." *Kellogg v. Skon*, 176 F.3d 447, 452 (8th Cir. 1999). Even assuming, arguendo, that the prosecutor's reference to Barnes as a "menace" was improper, "the weight of the evidence was heavy, and there is no reasonable probability that the verdict would have changed absent the comment[]." *Id.* (denying a due process claim on the basis of the prosecutor's references to the defendant in a criminal sexual conduct trial as a "monster," a "sexual deviant," and a "liar").

Similarly, although the Missouri Court of Appeals did not analyze the prosecutor's reference to "women" in the closing argument, which Barnes argues improperly implied that he had committed multiple crimes, the failure to object to that comment also did not constitute ineffective assistance of counsel. Even if this comment was improper in that it implied to the jury that Barnes had committed other crimes in the same manner, his trial counsel's failure to object does not rise to the level of ineffective assistance under the second prong of *Strickland*. The evidence presented to the jury concerning Barnes's involvement in the robbery of Gioia Kaid was strong enough that there is no reasonable probability that the

verdict would have been different if his trial counsel had objected.  No evidence was presented at trial about any other robberies, and the judge instructed the jury that closing arguments are not to be used as evidence.  (Resp. Exh. C, at 60).  *See Davis v. United States*, 673 F.3d 849, 853 (8th Cir. 2012) (considering the fact that the jury was properly instructed regarding the use of closing arguments as a factor in analyzing an ineffective assistance of counsel claim).

As to Barnes's claim regarding his appellate counsel's failure to raise the allegedly improper comments made by the prosecutor on appeal, the Missouri Court of Appeals properly concluded that this did not constitute ineffective assistance of appellate counsel.  "[A]n appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a 'reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different.'" *Ivy v. Bowersox*, 122 F.3d 675, 676 (8th Cir. 1997).  Based on the reasoning above, concluding that Barnes did not suffer prejudice from the failure of his trial counsel to object to the statements, he likewise did not suffer any prejudice from his appellate counsel's failure to raise the same claim on appeal.  There is not a reasonable probability that the jury verdict would have been different but for these comments.  Therefore, Barnes's claims of ineffective assistance of counsel regarding these statements – both trial counsel and appellate counsel – are without merit.

D.     *Ground 4: Admissibility of Affidavits in Evidentiary Hearing*

In Ground 4, Barnes claims that motion court erred in denying admission of

two affidavits presented in the evidentiary hearing: one from Stephanie Brauch, an

attorney at the same firm as Barnes's post-conviction counsel, recounting a

conversation with Tiffany Johnson; and the other from Dawoyn Littleton.  The

affidavit by Stephanie Brauch states that Tiffany Johnson told her that Barnes was

with her at his mother's house all evening on December 28, 2003; that no one

contacted her about testifying on behalf of Barnes; and that she would have

testified to the fact that she was with Barnes that evening if she had been asked to

testify.  Littleton's affidavit states that David Love and James Dixon were actually

the individuals who robbed Gioia Kaid; that they brought him the stolen

merchandise from that robbery in exchange for drugs; that he spoke to Barnes on

the evening of December 28, 2003 and that Barnes was at his mother's home; that

no one ever contacted him to testify on Barnes's behalf; and that he would have

testified to this information at trial.

Barnes raised this same claim on appeal of the denial of his Rule 29.15

motion.  The Missouri Court of Appeals concluded that even if the motion court

erred in denying admission of the affidavits, Barnes did not suffer any error by

their rejection.  It explained that "[t]here was uncontroverted evidence before the

motion court that trial counsel knew of these two witnesses and yet failed to speak

with them.  Barnes did not need these affidavits to prove that point." *Barnes*, 334 S.W.3d at 723.

The Missouri Court of Appeals's decision that the motion court did not err in rejecting admission of the affidavits was not contrary to or an unreasonable application of federal law.  Barnes offered these affidavits at the evidentiary hearing, arguing that they were not hearsay because they were not being used for their truth, but rather to demonstrate the ineffectiveness of his trial counsel for failing to investigate all known witnesses.  However, his trial counsel testified at the hearing and specifically admitted that he had knowledge of both of these potential witnesses, and yet neither he nor his investigator interviewed them. Resp. Exh. G, at 15-19, 21-22, 25-27, 32-35, 40.  Therefore, the affidavits – if offered to prove that his counsel knew of other witnesses but did not investigate them – were not necessary given the other evidence elicited at the evidentiary hearing.  Thus, Barnes did not suffer any prejudice by their exclusion.

Furthermore, even if the motion court erred in denying admission of these affidavits, this claim is not cognizable in a federal § 2254 petition.  "Because the Constitution does not guarantee the existence of state post-conviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), 'an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application].'" *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007)

- 22 -

(internal citation omitted).  Any alleged error in Barnes's "state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus."  *Id.*  Therefore, I conclude that the claim raised in Ground 4 of Barnes's petition is without merit.

E.      *Ground 5: Failure to Fingerprint the Dormin Bottle*

In Ground 5 of his petition, Barnes argues that he received ineffective assistance of counsel because his trial counsel failed to have the Dormin bottle tested for fingerprints, the results of which could have been used as mitigating evidence for his defense.  Barnes raised the same claim in his post-conviction appeal.  The Missouri Court of Appeals found that this did not constitute ineffective assistance of counsel under *Strickland*:

> "To succeed on an ineffective assistance of counsel claim based on inadequate investigation, movant must specifically describe the information the attorney failed to discover, allege that a reasonable investigation would have resulted in the discovery of such information and prove that the information would have aided or improved movant's position."  *Yoakum v. State*, 849 S.W.2d 685, 688 (Mo. Ct. App. 1993).  Barnes fails to establish the third prong of this test – he did not show that information obtained from fingerprinting the bottle would have aided or improved his position.  If the bottle had been fingerprinted and Movant's prints were found on it, this would have been additional evidence of Movant's guilt.  Even if his prints were not found on the bottle, there was uncontroverted evidence presented at trial that the bottle was found in his jacket, and trial counsel testified at the evidentiary hearing that it would have been simple for the prosecution to explain away the lack of fingerprints on an item.  It would not have aided Movant's case to have had the bottle fingerprinted.

*Barnes*, 334 S.W.3d at 723-24.

Barnes has not shown that the decision of the Missouri Court of Appeals was contrary to federal law or resulted from an unreasonable determination of the facts.  Barnes's trial counsel testified at the evidentiary hearing that he made a strategic decision not to have the bottle fingerprinted because Barnes was found to be in personal possession of it, and there are numerous explanations that could be used by the prosecution in the event that his fingerprints were not found on the bottle.  Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Strickland*, 466 U.S. at 690-91.  In this case, the Missouri Court of Appeals properly concluded that it was reasonable for Barnes's trial counsel not to have the bottle fingerprinted based on the other overwhelming evidence against his client, particularly his personal possession of the bottle. Therefore, I find that Barnes's claim of ineffective assistance of counsel in Ground 5 of his petition is without merit.

**V.    Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or

judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant

such a certificate, the justice or judge must find a substantial showing of the denial

of a federal constitutional right.  *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122

F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are

debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997).  I find that reasonable jurists could not differ on any of Barnes's claims, so

I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jerome Barnes for writ of

habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial

showing of a denial of a constitutional right and this Court will not grant a

Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is

entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2013.